IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE W. REYNOLDS,<br>　　　　Plaintiff,<br><br>　　v.<br><br>JUDGE MACKENDRICK, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　　　　　　　　　　　　　C.A. No. 19-273 Erie

　　　　　　　　　　　　　　　　District Judge Susan Paradise Baxter

## **MEMORANDUM OPINION**

### **I.   INTRODUCTION**

　　Plaintiff Dale W. Reynolds, an adult individual residing in Erie, Pennsylvania, filed this *pro se* civil rights action on September 20, 2019. On September 27, 2019, Plaintiff submitted USM-285 service forms for all the Defendants, however, the forms were illegible and incomplete. So, this Court issued an Order on December 5, 2019, directing Plaintiff to provide legible and readable USM-285 forms for each Defendant, with complete addresses and zip codes, by January 6, 2020, so that service could be effectuated [ECF No. 7]. After Plaintiff failed to comply with this Order, the Court issued a second Order on March 30, 2020, requiring Plaintiff to submit legible and readable USM-285 service forms for each Defendant by April 15, 2020 [ECF No. 9]. This latter Order specified that Plaintiff's failure to provide the required service forms within such time would result in dismissal of this case for Plaintiff's failure to prosecute. Nonetheless, Plaintiff has still failed to provide the required service instructions for Defendants to allow this case to proceed against them.

1

**II.     DISCUSSION**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. Specifically, over the past several months, Plaintiff has failed to comply with two Orders of this Court directing him to provide legible USM-285 service forms that are required to effectuate service upon Defendants. Alternative sanctions, such as monetary penalties, are deemed inappropriate. As a result, this case will be dismissed for Plaintiff's failure to prosecute.

An appropriate Order follows.